## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

NATIONAL WILDLIFE
FEDERATION,

    Plaintiff,

    v.

SECRETARY OF THE UNITED
STATES DEPARTMENT OF
TRANSPORTATION,
in his official capacity,

    Defendant.

_____

Case No. 15-cv-13535

Judge Mark A. Goldsmith

Magistrate Judge R. Steven Whalen

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
## FOR LACK OF SUBJECT MATTER JURISDICTION OR,
## IN THE ALTERNATIVE, MOTION TO TRANSFER

Defendant Secretary of the United States Department of Transportation (the "Department") moves, in accordance with Fed. R. Civ. P. 12(b)(1), to dismiss the National Wildlife Federation's ("NWF") amended complaint for lack of subject matter jurisdiction. In the alternative, the Department moves, in accordance with 28 U.S.C. § 1631, to transfer this action to the United States Court of Appeals for the District of Columbia Circuit. NWF alleged in its original complaint that the Department has unlawfully withheld or unreasonably delayed the (i) issuance of

regulations requiring certain facilities to prepare and submit spill response plans, and (ii) the review and approval of the spill response plans submitted pursuant to such regulations.  After the Department moved to dismiss the complaint for lack of subject matter jurisdiction, NWF amended its complaint to seek to compel only the review and approval of the spill response plans.  However, this amendment does not cure the jurisdictional flaws because subject matter jurisdiction over NWF's claims lies exclusively in the United States Court of Appeals for the District of Columbia Circuit.  The Department relies on the accompanying memorandum to support this motion, as well as any further written or oral arguments properly submitted to the Court.  As required by E.D. Mich. LR 7.1(a), the undersigned counsel for the Department certifies that he personally spoke to counsel for NWF, and explained the nature of the relief to be sought in this motion and sought concurrence in the relief.  Counsel for NWF expressly denied concurrence.

LOCAL RULE CERTIFICATION: I, Alan D. Greenberg, certify that this document and the accompanying supporting brief comply with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 14 point (for proportional fonts). I also certify that the brief is the appropriate length.  Local Rule 7.1(d)(3).

WHEREFORE, the Court should dismiss NWF's amended complaint for lack of subject matter jurisdiction or, in the alternative, transfer this action to the District of Columbia Circuit.

Respectfully submitted this 11th day of January, 2016.

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources
  Division

/s/ Alan D. Greenberg
_____
ALAN D. GREENBERG
Environmental Defense Section
U.S. Department of Justice
999 18th St., Suite 370
Denver, Colorado  80202
Phone: (303) 844-1366
E-mail:  alan.greenberg@usdoj.gov
Colorado Bar. No. 14110

Of Counsel:

PETER J. PLOCKI
  Deputy Assistant General Counsel
CHARLES E. ENLOE
  Trial Attorney
*U.S. Department of Transportation*

JAMES M. PATES
  Assistant Chief Counsel
AMELIA SAMARAS
  Senior Attorney
*Pipeline and Hazardous Materials*
  *Safety Administration*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                                    )
NATIONAL WILDLIFE                                   )
FEDERATION,                                         )
                                                    )
        Plaintiff,                                  )          Case No. 15-cv-13535
                                                    )
        v.                                          )
                                                    )
SECRETARY OF THE UNITED                             )          Judge Mark A. Goldsmith
STATES DEPARTMENT OF                                )
TRANSPORTATION,                                     )          Magistrate Judge R. Steven Whalen
in his official capacity,                           )
                                                    )
        Defendant.                                  )
_____)

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**

**ISSUE PRESENTED**

Does this Court possess subject matter jurisdiction over the National Wildlife
Federation's ("NWF") claims that the Department of Transportation (the
"Department") has unlawfully withheld or unreasonably delayed the review and
approval of spill response plans under the Oil Pollution Act, where NWF's claims
are subject to the exclusive jurisdiction of the United States Court of Appeals for
the District of Columbia Circuit?

# TABLE OF CONTENTS

ISSUE PRESENTED ........................................................................................ i

TABLE OF CONTENTS .................................................................................. ii

TABLE OF AUTHORITIES ........................................................................... iii

MOST PERTINENT AUTHORITY .............................................................. vi

INTRODUCTION ............................................................................................ 1

STATUTORY BACKGROUND ....................................................................... 3

     A.    Spill Response Plans ..................................................................... 3

     B.    Subject Matter Jurisdiction ....................................................... 5

STANDARD OF REVIEW ............................................................................... 6

ARGUMENT ..................................................................................................... 7

     A.    When a Court of Appeals Has Exclusive Jurisdiction to
             Review an Agency's Final Action, It Also Has Exclusive
             Jurisdiction over Claims that Might Affect Its Future
             Jurisdiction ...................................................................................... 8

     B.    Only the District of Columbia Circuit May Hear Claims
             Seeking To Compel the Issuance of Regulations Under the
             Oil Pollution Act ......................................................................... 10

     C.    NWF May Not Maintain a Separate Claim in this Court
             Based on the Department's Alleged Failure to Review and
             Approve Spill Response Plans ................................................... 11

     D.    NWF's Jurisdictional Allegations Do Not Provide This
             Court with Subject Matter Jurisdiction ................................... 14

CONCLUSION ............................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*Durso v. Napolitano*,
   795 F.Supp.2d 63 (D.D.C. 2011) ................................................................. 13-14

*General Elec. Co. v. U.S. Dep't of Commerce*,
   128 F.3d 767 (D.C. Cir. 1997) ....................................................................... 3

*George Kabeller, Inc. v. Busey*,
   999 F.2d 1417 (11th Cir. 1993) ..................................................................... 8

*Green v. Grand Trunk Western R.R. Co.*,
   2015 WL 1637442 (E.D. Mich. 2015) ............................................................ 9

*Heydon v. MediaOne of Southeast Michigan*,
   327 F.3d 466 (6th Cir. 2003) ........................................................................ 15

*Hudson v. Coleman*,
   347 F.3d 138 (6th Cir. 2003) ......................................................................... 6

*In Re Bluewater Network*,
   234 F.3d 1305 (D.C. Cir. 2000) .......................................................... 10, 13, 14

*In re Howard*,
   570 F.3d 752 (6th Cir. 2009) ............................................................... 8, 9, 15

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ....................................................................................... 6

*La Voz Radio de la Communidad v. FCC*,
   223 F.3d 313 (6th Cir. 2000) ......................................................................... 8

*Nat'l Fed'n of the Blind v. U.S. Dep't of Transp.*,
   78 F.Supp.3d 407 (D.D.C. 2015) .................................................................. 16

*Natural Resources Defense Council, Inc. v. U.S. Coast Guard*,
   1998 WL 998184 (D.N.J. 1998) .................................................................... 16

*Reetz v. United States*,
224 F.3d 794 (6th Cir. 2000) ................................................................6

*Roman v. Ashcroft*,
340 F. 3d 314 (6th Cir. 2003) ...............................................................7

*Skelly Oil Co. v. Phillips Petroleum Co.*,
339 U.S. 667 (1950)............................................................................15

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)...............................................................................6

*Telecomms. Research and Action Center v. FCC*,
750 F.2d 70 (D.C. Cir. 1984)................................................. 8, 9, 15, 16

*Virginia Dep't. of Educ. v. Riley*,
23 F.3d 80 (4th Cir. 1994) ...................................................................8

**STATUTES**

28 U.S.C. § 1331 .................................................................................16

28 U.S.C. § 1361 .................................................................................15

28 U.S.C. § 1631 ...................................................................................7

28 U.S.C. § 2201(a) .............................................................................15

28 U.S.C. §§ 2201-02 ..........................................................................14

33 U.S.C. § 2717(a) ......................................................................... 5, 10

33 U.S.C. § 2717(b) ......................................................................... 6, 14

33 U.S.C. § 1321(a)(11)........................................................................4

33 U.S.C. § 1321(j)(5) .........................................................................11

33 U.S.C. § 1321(j)(5)(A)(i) ............................................................ 3, 11

33 U.S.C. § 1321(j)(5)(E) ................................................................ 3, 11

Oil Pollution Act of 1990, Pub. L. No. 101-380, 104 Stat. 484 (1990)................1, 3

## RULES

Fed. R. Civ. P. 12(b)(1).............................................................................6

## REGULATIONS

40 C.F.R. Pt. 112...................................................................................5

49 C.F.R. Pt. 194...................................................................................4

## FEDERAL REGISTER NOTICES

Exec. Order No. 12777, 56 Fed. Reg. 54,757 (Oct. 18, 1991) ..............................1, 4

58 Fed. Reg. 244 (Jan. 5, 1993) ................................................................4

## LEGISLATIVE MATERIALS

S. Rep. No. 101-94, at 2-3 (1989) *as reprinted in*
   1990 U.S.C.C.A.N. 722, 723-24 ..........................................................3

## STATE/LOCAL RULES

E.D. Mich. LR 7.1(a) ..............................................................................2

## MOST PERTINENT AUTHORITY

A. 33 U.S.C. § 2717(a)

B. *In Re Bluewater Network*, 234 F.3d 1305 (D.C. Cir. 2000).

C. *In re Howard*, 570 F.3d 752 (6th Cir. 2009).

D. *La Voz Radio de la Communidad v. FCC*, 223 F.3d 313 (6th Cir. 2000).

E. *Telecomms. Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984).

## INTRODUCTION

In its original complaint, NWF claimed that the Department has failed to perform two related alleged duties assigned to the President by the Oil Pollution Act of 1990, Pub. L. No. 101-380, 104 Stat. 484 (1990), and delegated to the Department by Executive Order No. 12,777, 56 Fed. Reg. 54,757 (Oct. 18, 1991), and a subsequent Memorandum of Understanding.  ECF #1 at 1-3.  First, NWF alleged that the Department has failed to issue regulations, by the deadline set in the Oil Pollution Act, that require the preparation and submission of spill response plans for transportation-related facilities located in, on, or under certain inland waters.  *Id.* ¶¶ 55, 57.  Second, NWF alleged that the Department has failed to review and approve such spill response plans by deadlines set in the Oil Pollution Act.  *Id.*

The Department moved to dismiss NWF's original complaint for lack of subject matter jurisdiction, or in the alternative, moved to transfer the case to the Court of Appeals for the District of Columbia Circuit, the court with exclusive jurisdiction over NWF's claims.  ECF Doc. #8.  NWF subsequently amended its complaint.  ECF Doc. #14.  NWF dropped its claim to compel the Department to promulgate regulations requiring the preparation and submission of certain spill response plans, presumably because NWF now recognizes that claim can be heard only in the District of Columbia Circuit.  NWF nonetheless retains its claim to

compel the Department to review and approve such response plans.  NWF asserts that the Department's alleged failure to carry out the review and approval of spill response plans constitutes agency action unlawfully withheld or unreasonably delayed.  *Id.* at 23-24.  Yet, this claim for unreasonably delayed action continues to rely on the allegation that the Department has not promulgated the regulations that would require facility operators to submit such plans for review and approval.

The Department disagrees with NWF on the merits – the facilities identified by NWF are fully covered by spill response plans reviewed and approved by the Department under its existing regulations – but this Court is not the proper jurisdiction in which to litigate this dispute.  Regulations promulgated under the Oil Pollution Act are reviewable exclusively in the Court of Appeals for the District of Columbia Circuit, and any suit seeking relief that might affect the appellate court's jurisdiction also must be heard in that court.  NWF's remaining claim in this case, which seeks to compel the Department to review and approve certain spill response plans, requires a determination of whether the Department has issued regulations to require the submission of such plans to the Department, a question reserved for the District of Columbia Circuit.  Because NWF's amended complaint seeks relief that might affect the exclusive jurisdiction of the District of Columbia Circuit and is intertwined with that appellate court's exclusive

jurisdiction, this action must be dismissed for lack of subject matter jurisdiction or transferred to the District of Columbia Circuit.

## STATUTORY BACKGROUND

### A. Spill Response Plans

Congress enacted the Oil Pollution Act of 1990, Pub. L. No. 101-380, in the wake of the Exxon Valdez oil spill in Prince William Sound, Alaska, in order to minimize the future potential for such accidents and provide for an improved response if such accidents occur.  S. Rep. No. 101-94 at 2-3 (1989), *as reprinted in* 1990 U.S.C.C.A.N. 722, 723-24; *see General Elec. Co. v. U. S. Dep't of Commerce*, 128 F.3d 767, 769 (D.C. Cir. 1997).  As relevant to this case, Congress required the President to issue regulations to require owners and operators of certain facilities to prepare and submit plans for responding, to the maximum extent practicable, to a worst case discharge, and to a substantial threat of such a discharge, of oil or a hazardous substance.  Oil Pollution Act, § 4202(a)(6) (codified at 33 U.S.C. § 1321(j)(5)(A)(i)).  Congress also required the President to review and approve response plans submitted in accordance with these regulations. *Id.* (codified at 33 U.S.C. § 1321(j)(5)(E)).

The President subsequently delegated by an executive order his responsibilities to issue these regulations, and review and approve the associated response plans, to several executive departments.  Executive Order No. 12,777,

56 Fed. Reg. 54,757 (Oct. 18, 1991).  Under this Executive Order, the President delegated to the Department the authority to issue regulations requiring the owners or operators of transportation-related onshore facilities to prepare and submit response plans, and the review and approval of such response plans.  *Id.* at 54,761. Corresponding responsibilities were delegated to the Environmental Protection Agency for non-transportation-related onshore facilities, and to the Department of the Interior for "offshore" facilities.[1]  *Id.*

On January 5, 1993, the Department promulgated regulations for transportation-related onshore facilities that required operators of onshore oil pipelines to prepare and submit spill response plans.  58 Fed. Reg. 244 (Jan. 5, 1993) (codified at 49 C.F.R. Part 194).  The Department maintains that these 1993 regulations governing onshore pipelines include within their scope the entirety of oil pipelines located landward of the coast, including the segments that cross rivers, lakes and other inland waters of the United States.  Following promulgation of the regulations and for the last 22 years, the Department has reviewed and approved response plans submitted by the operators of these pipelines.  Approved

---

[1]      The Oil Pollution Act defines "offshore facility" as any facility located in, on, or under the navigable waters of the United States and certain other waters.  Oil Pollution Act § 1001(22) (codified at 33 U.S.C. § 2701(22)); *see also* 33 U.S.C. § 1321(a)(11).

plans address the possibility of spills from operators' entire pipelines, both segments on land and segments that cross on or under water.[2]

In 1994, the Department, the Environmental Protection Agency, and the Department of Interior entered into a Memorandum of Understanding that re-delegated certain responsibilities under the Oil Pollution Act.  40 C.F.R. Pt. 112, App. B.  The Memorandum of Understanding recognized that Executive Order 12,777 expanded the Department of the Interior's traditional role of regulating facilities seaward of the coastline, to include "inland waters" covered by the statutory definition of "offshore facility." *Id.*  Therefore, the Department of the Interior re-delegated to the Department any responsibility it had been given for "transportation-related facilities, including pipelines, located landward of the coast line." *Id.* ¶ 2.

## B.  Subject Matter Jurisdiction

Congress provided for the subject matter jurisdiction and venue of disputes arising under the Oil Pollution Act.  Judicial review of any regulation promulgated under the Act may be heard only in the Court of Appeals for the District of Columbia Circuit.  Oil Pollution Act § 1017(a) (codified at 33 U.S.C. § 2717(a)).  Except for this grant of jurisdiction to the District of Columbia Court of Appeals

---

[2]     NWF may disagree with the Department's position; these merits issues must be resolved by the Court of Appeals for the District of Columbia Circuit for the reasons explained below.

and certain matters over which state courts have jurisdiction, United States district courts have exclusive original jurisdiction over all controversies arising under the Act. Oil Pollution Act § 1017(b) (codified at 33 U.S.C. § 2717(b)).

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court must determine whether the complaint sets forth allegations sufficient to establish the Court's jurisdiction over the subject matter of the claims for relief. Because federal courts are courts of limited jurisdiction and may hear cases only to the extent expressly provided by statute, the first question presented by every case is whether the court has jurisdiction to hear it. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("jurisdiction [must] be established as a threshold matter"). Where subject matter jurisdiction does not exist, the court cannot proceed to adjudicate the claim. *Id.*

The burden of establishing subject matter jurisdiction rests with the plaintiff. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). To establish the existence of subject matter jurisdiction in a suit against the United States, the plaintiff also bears the burden of showing that its claims fall within an applicable and unequivocal waiver of sovereign immunity. *See Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

A court that finds it lacks subject matter jurisdiction over an action "shall, if it is in the interest of justice, transfer such action" to any other court in which the action could have been brought at the time it was filed.  28 U.S.C. § 1631. Because this action could have been brought in the District of Columbia Circuit at the time it was filed, the Court may transfer this action in the interest of justice to the District of Columbia Circuit.  *See Roman v. Ashcroft*, 340 F.3d 314, 329 (6th Cir. 2003) (finding transfer of action to be in the interest of justice if dismissal of action would only cause party to incur the additional expense of filing the same action in the proper court).

## ARGUMENT

NWF's amendment of its complaint to omit its claim seeking the promulgation of regulations under the Oil Pollution Act does not provide this Court with subject matter jurisdiction over its associated claim, which seeks to compel the review and approval of spill response plans to be submitted in accordance with those regulations.  Although the Administrative Procedure Act contains a waiver of sovereign immunity to compel federal agency action unlawfully withheld or unreasonably delayed, this Court is not the proper court in which to litigate NWF's claims under the Oil Pollution Act.  Fundamentally, NWF demands that the Department regulate transportation-related facilities located in, on, or under certain inland waters.  The Department fulfills this obligation under

the Oil Pollution Act through the promulgation of regulations that require the submission by facility operators of spill response plans that the Department then reviews and, if appropriate, approves. Because the review and approval of response plans that NWF seeks to compel is dependent on the promulgation of regulations subject to judicial review exclusively in the Court of Appeals for the District of Columbia Circuit, NWF's claims that the Department has unreasonably delayed reviewing and approving plans can only be heard in that court. Therefore, this case should be dismissed, or transferred to the District of Columbia Circuit.

### A. When a Court of Appeals Has Exclusive Jurisdiction to Review an Agency's Final Action, It Also Has Exclusive Jurisdiction over Claims that Might Affect Its Future Jurisdiction.

The Sixth Circuit and other courts of appeals recognize that where a statute commits judicial review of final agency action to the courts of appeals, any suit seeking relief that might affect the appellate court's future jurisdiction is also subject to exclusive appellate court review. *See, e.g., In re Howard,* 570 F.3d 752, 756-57 (6th Cir. 2009)*; La Voz Radio de la Communidad v. FCC*, 223 F.3d 313, 318 (6th Cir. 2000); *Virginia Dep't. of Educ. v. Riley*, 23 F.3d 80, 83-84 (4th Cir. 1994); *George Kabeller, Inc. v. Busey*, 999 F.2d 1417, 1421-22 (11th Cir. 1993). These cases cite with approval the rationale of the District of Columbia Circuit in *Telecomms. Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*").

In *TRAC*, the District of Columbia Circuit held that it had exclusive jurisdiction over claims of unreasonable delay in cases where the final agency action sought to be compelled could be reviewed only in that court.[3]  750 F.2d at 75.  The District of Columbia Circuit determined that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals."  *Id.*  The District of Columbia Circuit concluded that its jurisdiction was exclusive because Congress, by lodging review of final agency action in the Court of Appeals, intended that "the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power."  *Id.* at 77.

The Sixth Circuit follows *TRAC*'s approach to unreasonable delay claims.  *See In re Howard*, 570 F.3d at 756-57 (because exposure limits could only be challenged in the courts of appeals, district court lacked jurisdiction over suit seeking to compel promulgation of such exposure limits); *see also Green v. Grand Trunk Western R.R. Co*., 2015 WL 1637442 (E.D. Mich. 2015) (district court lacks jurisdiction under the All Writs Act to compel agency action, when statute mandates final decision be reviewable in the court of appeals).

---

[3]    In *TRAC*, a group of consumer advocates sought to compel the Federal Communications Commission to make certain final determinations that would ultimately be reviewable only in the Court of Appeals.  750 F.2d at 75.

### B. Only the District of Columbia Circuit May Hear Claims Seeking To Compel the Issuance of Regulations Under the Oil Pollution Act.

Regulations issued under the Oil Pollution Act are reviewable only in the District of Columbia Circuit.  Oil Pollution Act § 1017(a) (codified *at* 33 U.S.C. § 2717(a)).  Thus, only that court has subject matter jurisdiction over claims seeking to compel the Department to issue such regulations and any other suit seeking relief that might affect the appellate court's jurisdiction.

The District of Columbia Circuit has confirmed its exclusive jurisdiction over claims seeking to compel the promulgation of regulations under the Oil Pollution Act.  *See In Re Bluewater Network*, 234 F.3d 1305 (D.C. Cir. 2000).  In *Bluewater Network*, the petitioner sought to compel the Coast Guard to promulgate regulations required under Title IV of the Oil Pollution Act, the same Title of the Oil Pollution Act that requires promulgation of the regulations for submission of spill response plans.  *Id.* at 1307.  The District of Columbia Circuit held that Section 1017(a) of the Oil Pollution Act granted it exclusive jurisdiction over challenges to regulations issued under *all* titles of the Oil Pollution Act, including Title IV.  *Id.* at 1311-12.  Based on *TRAC*, the District of Columbia Circuit concluded it had exclusive jurisdiction over an action challenging the Coast Guard's unreasonable delay in promulgating regulations required by Title IV of the Act.  *Id.* at 1310-11 ("Where a statute commits final agency action to review by this court, we also retain exclusive jurisdiction 'to hear suits seeking relief that

10

might affect [our] future statutory power of review.'  This includes mandamus

actions challenging an agency's unreasonable delay.")

Thus, as NWF now apparently concedes by amending its complaint, the

District of Columbia Circuit possesses exclusive jurisdiction over claims to compel

promulgation of regulations requiring the submission of spill response plans under

the Oil Pollution Act.

### C. NWF May Not Maintain a Separate Claim in this Court Based on the Department's Alleged Failure to Review and Approve Spill Response Plans.

Although NWF has dropped its claim seeking to compel the Department to

issue regulations, it incorrectly insists that it may continue to pursue its claim in

this Court challenging the Department's alleged failure to review and approve spill

response plans submitted pursuant to those allegedly unpromulgated regulations.

This more limited claim does not change the jurisdictional analysis.  The review

and approval of spill response plans sought by NWF is necessarily dependent on

the promulgation of regulations requiring the submission of those plans.  The Oil

Pollution Act mandates that the relevant agency review "any response plan

submitted under this paragraph [*i.e.*, 33 U.S.C. § 1321(j)(5)]."  33 U.S.C.

§ 1321(j)(5)(E).  But facility owners "submit" plans only if the agency has

"issue[d] regulations which require" them to do so.  *Id.* § 1321(j)(5)(A)(i).  If NWF

is correct that the Department has not issued regulations requiring the submission

of plans, then no plans will be submitted, and there will be nothing that the Department is required to review.  NWF's only recourse is to seek to compel the Department to promulgate the regulations it claims are lacking, which can only be done in the District of Columbia Circuit.

Significantly, NWF's amended complaint does not identify a *single* spill response plan submitted to the Department that the Department has failed to either review or approve.  NWF's complaint is not about submitted plans that the Department has failed to act upon.  Rather, NWF alleges that because the Department has purportedly not issued regulations requiring the submission of certain plans, facility operators have not submitted such plans for the Department to review.  *See* ECF Doc. #14, Amended Complaint, ¶¶ 52, 53 (basing the alleged failure to review and approve response plans on the allegation that the Department has not issued regulations).  NWF's amended complaint uses its "review and approve" allegations as a backdoor means of seeking review in this Court of the Department's alleged failure to promulgate regulations.

In its amended complaint, NWF continues to recognize that the review of response plans is predicated on the promulgation of regulations.  It alleges, for example, that the Department has failed "(a) to issue regulations for response plans for transportation related facilities . . . and (b) to review and approve *such* response plans."  ECF Doc. #14, Amended Complaint ¶ 4 (emphasis added); see ECF Doc.

12

#1, Complaint ¶¶ 55, 57 (same).  These allegations are consistent with NWF's allegations in its original complaint, which asserted that the actions it sought to compel are all part of one Oil Pollution Act "spill response plan requirement." ECF Doc. #1, Complaint ¶¶ 21, 22.  NWF's omission in the amended complaint of the claim to compel the promulgation of regulations does not alter the fact the review and approval of spill response plans is necessarily dependent on plans submitted in accordance with the regulations.

In addition, NWF's claim to compel the review and approval of spill response plans is far too intertwined with an action to compel the promulgation of the regulations to be adjudicated separately in this Court.  A judicial determination of whether the Department has failed to review and approve spill response plans necessarily requires a determination of whether the Department has promulgated the regulations that would require the submission of those plans.  The determination of whether the Department has promulgated the regulations is within the exclusive jurisdiction of the District of Columbia Circuit.  Because adjudication of the "review and approve" claim "might affect [the court of appeals'] future statutory power of review," by requiring the determination of whether the Department has failed to promulgate the regulations, exclusive jurisdiction over the "review and approve" claim also lies the District of Columbia Circuit.  *See Bluewater Network*, 234 F.3d at 1310-11; *see also Durso v.*

*Napolitano*, 795 F.Supp. 2d 63, 69 (D.D.C. 2011) (holding that where the court of appeals has exclusive jurisdiction over direct challenges to agency action, the court of appeals also has jurisdiction over any claims "inescapably intertwined" with the review of that agency action).

### D. NWF's Jurisdictional Allegations Do Not Provide This Court with Subject Matter Jurisdiction.

None of the jurisdictional statutes relied on by NWF enables it to circumvent the exclusive jurisdiction of the District of Columbia Circuit.

NWF may not rely on the Oil Pollution Act's grant of jurisdiction over certain cases to district courts. *See* Oil Pollution Act § 1017(b) (codified at 33 U.S.C. § 2717(b)). Section 1017(a) of the Oil Pollution Act gives the District of Columbia Circuit jurisdiction over certain claims, while Section 1017(b) gives the district courts jurisdiction over most other claims. *Id.* Because the District of Columbia Circuit's jurisdiction extends to NWF's claims (as discussed above), NWF may not rely on the grant of residual jurisdiction to the district courts. *See Bluewater Network*, 234 F.3d at 1310-12 (holding that District of Columbia Circuit had exclusive jurisdiction over claims seeking to compel the issuance of Oil Pollution Act regulations).

NWF's requests for declaratory relief, ECF #1 at ¶ 9 and pages 23-24, do not afford an independent basis for jurisdiction. The Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, provides that "[i]n a case of actual controversy within its

14

jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This language creates an additional remedy only where the court otherwise has jurisdiction. It does not establish subject matter jurisdiction over a claim. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72 (1950); *Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

Nor does the district court's original jurisdiction to compel an officer of the United States to perform his duty under the mandamus relief of 28 U.S.C. § 1361 confer jurisdiction over NWF's claims to compel agency action. *TRAC*, 750 F.2d at 77-78. In *TRAC*, the District of Columbia Circuit observed that mandamus is an extraordinary remedy that is not available when judicial review by other means is possible. *Id.* at 78. In cases where Congress has expressly provided for judicial review in the courts of appeals, this availability of review in the courts of appeals precludes review by district courts under 28 U.S.C. § 1361. *Id.* Similarly, the Sixth Circuit in *In re Howard* applied *TRAC* and held that the district court lacked jurisdiction, notwithstanding that the plaintiff had invoked 28 U.S.C. § 1361. 570 F.3d at 756. Thus, 28 U.S.C. § 1361 does not confer jurisdiction in this Court over NWF's claims.

For similar reasons, the District of Columbia Circuit held that the federal question statute, 28 U.S.C. § 1331, also relied upon by NWF, ECF No. 1 ¶ 9, does not provide a district court with jurisdiction where a statute has committed review to the court of appeals. *See TRAC*, 750 F.2d at 77 (noting that the jurisdiction of the Court of Appeals "strips the District Court of general federal question jurisdiction"). As the District of Columbia Circuit emphasized, "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals." *TRAC,* 750 F.2d at 78-79.

Because NWF brought its unreasonable delay claims in the wrong court, the claims should be dismissed or transferred to the District of Columbia Circuit. *See, e.g., Natural Resources Defense Council, Inc. v. U.S. Coast Guard*, 1998 WL 998184 (D.N.J. 1998) (granting motion to dismiss for lack of subject matter jurisdiction because challenge to regulations under the Oil Pollution Act lies in the District of Columbia Circuit); *Nat'l Fed'n of the Blind v. U.S. Dep't of Transp.*, 78 F. Supp. 3d 407, 416 (D.D.C. 2015) (transferring case challenging Department regulations to District of Columbia Circuit).

## CONCLUSION

For the foregoing reasons, the Court should dismiss NWF's claims for lack of subject matter jurisdiction or, in the alternative, transfer this action to the District of Columbia Circuit.

Respectfully submitted this 11th day of January, 2016.

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources
  Division

/s/ Alan D. Greenberg
_____

ALAN D. GREENBERG
Environmental Defense Section
U.S. Department of Justice
999 18th St., Suite 370
Denver, Colorado  80202
Phone: (303) 844-1366
E-mail:  alan.greenberg@usdoj.gov
Colorado Bar No. 14110

Of Counsel:

PETER J. PLOCKI
  Deputy Assistant General Counsel
CHARLES E. ENLOE
  Trial Attorney
*U.S. Department of Transportation*

JAMES M. PATES
  Assistant Chief Counsel
AMELIA SAMARAS
  Senior Attorney
*Pipeline and Hazardous Materials*
  *Safety Administration*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January 2016, I electronically filed the foregoing Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, Motion to Transfer and Defendants' Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, Motion to Transfer with the Clerk of the Court using the electronic filing system, which will send notification of such filing to the registered CM/ECF user at the following e-mail address:

Neil S. Kagan
kagan@nwf.org

/s/ Alan D. Greenberg

Alan D. Greenberg
Environmental Defense Section
U.S. Department of Justice
999 18th Street, Suite 370
Denver, Colorado  80202
Phone: (303) 844-1366
Fax: (303) 844-1350
E-mail:  alan.greenberg@usdoj.gov