UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL WILDLIFE
FEDERATION,

      Plaintiff,                              Civil Action No. 15-CV-13535

vs.                                         HON. MARK A. GOLDSMITH

SECRETARY OF THE UNITED
STATES DEPARTMENT OF
TRANSPORTATION,

      Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT (Dkt. 31) AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT (Dkt. 37) AND REGARDING FURTHER PROCEEDINGS**

On June 22, 2016, Plaintiff National Wildlife Federation ("NWF") submitted a renewed motion for summary judgment (Dkt. 31), in which it argued that Defendant Secretary of the United States Department of Transportation ("the Secretary") has been unlawfully withholding or unreasonably delaying his nondiscretionary duty to personally review spill response plans for inland offshore facilities pursuant to the Oil Pollution Act ("OPA"), 33 U.S.C. § 2701, et seq., and Executive Order 12,777. In its motion, NWF noted that this duty has instead been carried out by an agency within the Department of Transportation, the Research and Special Projects Administration ("RSPA"), and RSPA's successor, the Pipeline and Hazardous Materials Safety Administration ("PHMSA"). NWF also argued that RSPA and PHMSA exceeded their authority in utilizing onshore regulations to evaluate the water segments of pipelines traversing both land and water, as the water segments in NWF's view are offshore facilities.

On August 17, 2016, while NWF's motion was pending, the Secretary ratified all prior approvals of spill response plans by RSPA and PHMSA and delegated the responsibility to review future plans for offshore facilities to PHMSA.  See Letter from Sec'y, Ex. B. to Def. Mot. at 1 (Dkt. 37-3).  The Secretary filed his cross-motion for summary judgment (Dkt. 37) five days later.  In his motion, the Secretary argued, among other things, that his ratification rendered moot NWF's claim that he has failed to personally review spill response plans for offshore facilities. He also argued that use of onshore regulations was appropriate, even for those segments of a pipeline that traversed water.

In its response (Dkt. 41), NWF contends that the Secretary's ratification "does nothing to cure his failure" to carry out his duties.  Pl. Resp. at 11.  NWF argues that because RSPA's and PHMSA's approvals of the spill response plans were based on a determination that the plans met the requirements of PHMSA's regulations for onshore facilities, 49 C.F.R. § 194.1, et seq., instead of the requirements of the Clean Water Act ("CWA"), 33 U.S.C. § 1321, "[t]he Secretary's ratification of PHMSA's approvals . . . does not cure his failure to determine that plans for offshore pipelines satisfy the requirements of the CWA."  Pl. Resp. at 12.

As the Secretary notes in his reply to NWF's response (Dkt. 43), it seems that NWF has shifted its position in light of the Secretary's ratification.  While NWF argued in its opening brief that the failure of the Secretary was his lack of personal review of the spill response plans and the use of onshore regulations for what NWF claimed were offshore facilities, its new theory is premised on the determination by PHMSA, later ratified by the Secretary, that the response plans complied with the regulations, rather than with the CWA.  That specific theory was not previously asserted, and its late insertion into the briefing process has resulted in incomplete and disjointed

briefing on some issues. Further, it is unclear whether NWF is abandoning its theory of lack of personal review.

All of this leads the Court to conclude that it would not be prudent to decide the issues raised in the pending motions with the current state of the briefing. As a result, the Court denies without prejudice NWF's renewed motion for summary judgment (Dkt. 31) and the Secretary's cross-motion for summary judgment (Dkt. 37).

To properly frame the issues for renewed dispositive motion practice, NWF must file a memorandum, not exceeding three pages, clarifying its theories and the specific manner in which NWF alleges that the Secretary failed to perform, or unreasonably delayed in performing, his statutory duties. The memorandum is due by March 16, 2017, and should not address any legal issues raised in the current briefing, such as standing or mootness. After reviewing NWF's memorandum, the Court will determine how to proceed with dispositive motion practice and issue an order regarding same.

SO ORDERED.

Dated: March 2, 2017              s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                  United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2017.

                                  s/Karri Sandusky
                                       Case Manager